IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILE IN OPEN COURT

FEB - 5 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.                                    Case No. 2:23-cr-142

CRISTIAN RISTEA,

a/k/a "Christan Weber"

DEFENDANT.

## STATEMENT OF FACTS

By signing below, the parties stipulate that the allegations in the Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt, by competent and admissible evidence.

1. From at least in or about August 2023, the earliest time being unknown, CRISTIAN RISTEA and others known and unknown, engaged in a scheme to commit bank fraud against the United States. Specifically, they agreed to knowingly execute and attempt to execute a scheme or artifice to defraud and to obtain money, funds, credits, assets, securities owned by and under the custody and control of a financial institution as defined under 18 U.S.C. § 20, by means of materially false and fraudulent pretenses, representations and promises in violation of 18 U.S.C. § 1344.

2. The purposes and object of the scheme and artifice to defraud included, but were not limited to, the recording, acquisition, transfer, and use of means of identification and financial information belonging to other individuals and entities in order to obtain United States currency from financial institutions and other entities and other benefits, including goods and services, from entities and individuals.

3. During this same time, in furtherance of this scheme and artifice, CRISTIAN RISTEA, installed and maintained portable card reading devices ("skimming devices") inside Automated Teller Machines ("ATMs") of financial institutions within the Eastern District of Virginia.

4. Skimming devices read and record the information encoded on the magnetic strip of all access devices used at the targeted ATMs located at financial institutions by legitimate customers during the period in which such devices are affixed to those card-reading apparatus. Such information includes, but is not limited to, personal identification and financial information such as bank, credit, and debit card account information, including the corresponding custom Personal Identification Number ("PIN") access codes as they are entered by legitimate customers in the course of transactions at the ATMs located at the financial institutions.

5. ATMs, at financial institutions, are equipped with surveillance equipment that captures and records video and photographic images of anyone using and attempting to use bank, credit, and debit card during financial transactions.

6. It was a part of the scheme and artifice that defendants and others known and unknown fraudulently obtained the personal identification and financial information of various individuals and entities, including bank, credit, and debit card account information and PIN access codes, without the consent of such individuals and entities, by the installation of skimming devices at the ATMs of financial institutions located within the Eastern District of Virginia.

7. It was further part of the scheme and artifice that others known and unknown used such personal identification and financial information to obtain unauthorized access to the bank,

2



credit, and debit card account information of other individuals and entities by, among other things, re-encoding account numbers, including but not limited to ATM and debit account numbers, onto the magnetic strips of other cards, and then using such re-encoded cards in combination with the corresponding PIN access codes to make unauthorized withdrawals and transfers from the bank accounts and credit accounts of other individuals and entities, thereby compromising such accounts and withdrawing and otherwise transferring funds and credit to the benefit of the RISTEA and others.

8. It was further part of the scheme and artifice that RISTEA, and others known and unknown, used the personal identification and financial information recorded by the skimming devices installed and maintained by RISTEA at ATM locations within the Eastern District of Virginia at financial institutions.

9. In fact, on or about the dates and in the manner, set forth below, RISTEA, and others known and unknown, aided and abetted by each other, did knowingly and intentionally for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities owned by and under the custody and control of the following financial institutions, each of which qualifies as a financial institution as defined under Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations, and promises, and attempted to do so.

| Transaction | Date | Financial Institution | Description/Purpose of Transaction |
|---|---|---|---|
| ONE | August 9, 2023 | BayPort Credit Union | RISTEA and others used information of D.J. to make an unauthorized cash withdrawal of approximately $500 at an ATM in Hampton, Virginia. |

| TWO | August 9, 2023 | BayPort Credit Union | RISTEA and others used information of J.B. to attempt to make an unauthorized withdrawal of approximately $360, at an ATM in Hampton, Virginia |
| THREE | August 17, 2023 | Bank of America | RISTEA and others used information of V.P. to make an unauthorized withdrawal of approximately $140, at an ATM in Chesapeake, Virginia |

10. During the transactions listed above, RISTEA used means of identification belonging to D.J., J.B., and V.P. without their authority.

11. On August 17, 2023, law enforcement officers observed RISTEA conduct the transaction at the Bank of America ATM referenced above. Afterwards, law enforcement obtained an arrest warrant for RISTEA and a lawful search warrant for his vehicle. At that time, RISTEA was arrested, and his vehicle was searched.

12. During a search of RISTEA's vehicle, law enforcement seized 36 vanilla Visa cards, skimming tools, a skimming device, and other property. These Vanilla Visa cards are often encoded with the stolen access device information allowing the individual to use the stolen customer information in order to obtain money, funds, credits, and assets. Said possession affected interstate and foreign commerce in that those credit and debit cards were issued on behalf of financial institutions that facilitate interstate and foreign commerce.

13. During their investigation law enforcement also learned that RISTEA was staying at a rental home located in Chesapeake, Virginia. Law enforcement obtained a lawful search

warrant for the home and seized additional items consistent with the scheme and artifice to defraud.

14. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

15. The actions of the defendant, as recounted above, were in all respects knowing deliberate, and intentional, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: January 31, 2024     By: _____
                               Matthew J. Heck
                               Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, CRISTIAN RISTEA, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
CRISTIAN RISTEA

I am Ginnie Bare, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Suzanne V. Katchmar
Attorney for the Defendant