IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 2:23cr142 |
| ) | |
| CRISTIAN RISTEA, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S POSITION AND MEMORANDUM ON SENTENCING

Cristian Ristea ("Mr. Ristea"), by counsel, in accordance with Section 6A1.2 of the *Sentencing Guidelines and Policy Statements*, as well as this Court's Sentencing Order, hereby represents that he has reviewed the Probations Officer's Presentence Report ("PSR") and has filed two objections in a separate pleading, which are incorporated herein by this reference.

A sentence of time-served is sufficient, but not greater than necessary, to accomplish the purposes of sentencing in this case. Mr. Ristea has been incarcerated continuously for the conduct underlying this offense since August 17, 2023, and by the time of sentencing, will have served 9 months, 20 days. Moreover, upon release from this Court's sentence, the Department of Homeland Security's detainer takes effect, and Mr. Ristea faces deportation. Considering the advisory guideline range and the statutory sentencing factors, Mr. Ristea's actual conduct, and his personal circumstances, time-served is appropriate.

## PROCEDURAL BACKGROUND

Law enforcement arrested Mr. Ristea on August 17, 2023, when they observed his unauthorized withdrawal of $140 from a Bank of America ATM. PSR ¶ 8.11. He remained in state custody until December 12, 2023, when the United States Marshals served a six-count federal indictment against Mr. Ristea on November 29, 2023, and arrested him.

On February 5, 2024, Mr. Ristea entered a guilty plea to Count One before this Court. The Court accepted Mr. Ristea's guilty plea. ECF No. 25. Sentencing is scheduled for Wednesday, June 5, 2024.

## **THE APPROPRIATE SENTENCE IN THIS CASE**

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) is that a district court imposes a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in § 3553(a)(2). This requirement is not just another factor to be considered along with the others set forth in § 3553(a), but instead, "sufficient, but not greater than necessary" sets an independent limit on the sentence.

Accordingly, Congress requires federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing. The law must "tak[e] into account the real conduct and circumstances involved in sentencing," as well as the defendant's personal history and characteristics. *Gall v. United States*, 552 U.S. 38, 54 (2007); 18 U.S.C. § 3553(a)(1). The Court must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.* at 52.

Following his guilty plea, Mr. Ristea met with United States Probation by video with defense counsel present. He affirmed his acceptance of responsibility by confirming his agreement with the Statement of Facts and expressing remorse. Specifically, he discussed his desire to return the money. PSR ¶ 23.

For the reasons discussed below, a sentence of time-served is "sufficient, but not greater than necessary." This sentence serves all of the purposes of sentencing.

## Nature and Circumstances of the Offense

The Statement of Facts is set forth verbatim in paragraph 8 of the PSR, as well as the remaining paragraphs of the Offense Conduct section of the PSR. Mr. Ristea understands the seriousness of his criminal conduct and recognizes there must be consequences. Upon his arrest, Mr. Ristea, after waiving his right to counsel, immediately admitted that he was using fraudulent credit cards to obtain money. He also explained that he receives 25% of the money he withdraws. PSR ¶ 14.

Mr. Ristea is not the ringleader or mastermind of this conduct. He received minimal reward by taking the risk for someone else's greater benefit. He knowingly took this risk on more than one occasion, but his lower-level role in the offense was driven by financial need, not sheer greed. A sentence of time-served is requested.

## Cristian Ristea's Personal History and Characteristics

Mr. Ristea's early years are characterized by his commitment to athletics, specifically soccer. As a child in communist Romania, his soccer skills earned benefits for his family. PSR ¶ 47. Even as a student he focused on athletics; his degree from the University of Ploiesti is in athletic sport education. PSR ¶ 54. Through his early 20's, he turned soccer into his career.

As an adult, Mr. Ristea's driving force has been parenting his son. He became the primary parent to his son in approximately 2010, when his son was 13 years old. PSR ¶ 48. His son has been successful, completing a bachelor's and master's degree in business administration in London. PSR ¶ 48. Now, Mr. Ristea and his son run a business together. At the time of the offense, Mr. Ristea was working on establishing the business in the United States, and finances were tight. It is in this context that Mr. Ristea engaged in fraudulent conduct.

## The Sentence Requested

In consideration of the § 3553(a) factors, this Court should take collateral consequences of felony convictions for non-citizens into consideration as the consequences can be severe. In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court explained that the expansion of removable offenses has led to increased deportation of criminal defendants:

> These changes to our immigration law have dramatically raised the stakes of a noncitizen's criminal conviction. The importance of accurate legal advice for noncitizens accused of crimes has never been more important. These changes confirm our view that, as a matter of federal law, deportation is an integral part--indeed, sometimes the most important part--of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes.

*Id.* at 364.

The PSR recommends an advisory range of 15 months to 21 months' imprisonment. *United States v. Booker*, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a) allow courts to adopt a more nuanced view of the offender and his offense. Mr. Ristea accepted responsibility for his actions throughout this process – at the time of arrest, at the time of his guilty plea, when he spoke with the United States Probation Officer, and he continues to do so now. For over nine months, he has been incarcerated in local jails. The nature of his incarceration has been challenging, as he has not had the benefit of continuity and programming that he might have had post-sentencing. Counsel anticipates that Mr. Ristea will be subject to deportation as his offense is an aggravated felony, pursuant to 8 U.S.C. § 1101(a)(43)(M)(i). Mr. Ristea's time in the United States is coming to an end. There is no need for an any additional incarceration, which would likely involve significant shuffling as he is transported from the local jail until he reaches his designated location in the Bureau of Prisons. Considering that he will not be allowed legally to enter the United States for a long time, if at all, the question to be asked is whether the opportunity cost to warehouse him in the United States as he awaits eventual deportation is worth it. Mr. Ristea, through counsel,

suggests that the practical answer, given the specific facts of Mr. Ristea's case, is to move forward with time-served.

### The Need to Reflect the Seriousness of the Office, Promote Respect for the Law, Provide Just Punishment, Provide Adequate Deterrence and Protect the Public

The requested sentence will be sufficient, but not greater than necessary, to punish Mr. Ristea for the offense he committed. Mr. Ristea's sentence is inflated by the intended loss calculation, based almost entirely on the $500 per device guidance, which expands the Guideline itself. Mr. Ristea's actual conduct was much more modest than the $149,600 that has been calculated as intended loss; he owes $643 in restitution. PSR ¶ 15. In a separate pleading, Mr. Ristea has outlined the impact of the expanded definition of loss in his case. Most importantly in this context, a much more reasonable estimate of his culpability is to focus on the loss that he actually caused. Were the loss to be calculated as actual loss, the guideline would not have an eight-level enhancement under U.S.S.G. § 2B1.1(b)(1), but instead a four-level increase, and the resulting guideline range would be 12-18 months. A sentence of 12 months and a day, taking into account Good Conduct Time, would result in a sentence very close to what Mr. Ristea has already served. Correspondingly, for a citizen, a sentence at the high end of the resulting Guideline range would lead to Mr. Ristea being considered for a halfway house or home detention relatively soon, especially with the completion of any programming. He does not have that opportunity due to his status in the United States, causing an inherent disparity in Mr. Ristea's sentencing.

Time-served will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford specific and general deterrence.

## **CONCLUSION**

For the reasons advanced above, Mr. Ristea respectfully moves for a sentence of time-served. Such a sentence is sufficient to comply with the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

CHRISTIAN RISTEA

By _____/s/_____
Suzanne V. Suher Katchmar
Virginia State Bar No. 37387
Virginia M. Bare
Member of the Maryland Bar
Assistant Federal Public Defenders
Attorneys for Cristian Ristea
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: 757-457-0890
Facsimile: 757-457-0880
suzanne_katchmar@fd.org
ginnie_bare@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of May 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

And I HEREBY CERTIFY that I will email the document to the following non-filing user:

Stephanie E. Hollier
United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23606
(757) 223-4667

/s/
Virginia M. Bare
Member of the Maryland Bar
Assistant Federal Public Defender
Attorney for Cristian Ristea
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0800
Facsimile:  (757) 457-0880
Email: ginnie_bare@fd.org